IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRISCILLA GRACE LOVE, #37557-177, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-1118 |
| | § | |
| MARNE BOYLE, WARDEN, | § | |
| | § | |
| *Respondent*. | § | |

### ORDER OF DISMISSAL

Petitioner, a federal prisoner, filed this section 2241 habeas petition challenging the execution of her sentence. The Court must order respondent to show cause why the section 2241 petition should not be granted unless it appears from the petition that the petitioner is not entitled to the requested relief. 28 U.S.C. § 2243.

Having considered the petition and the applicable law, the Court concludes that the petition must be DISMISSED because it shows that petitioner is not entitled to relief.

### *Background and Claims*

Petitioner pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base and aiding and abetting in the Northern District of Texas, Abilene Division, on May 14, 2008. She was sentenced to a term of 151 months federal incarceration. *United States v. Love*, C.A. No. 1:08-cr-28 (N.D. Tex.). Public on-line Bureau of Prisons ("BOP") records show that her projected release date is currently April 15, 2018.

The instant petition is an oft-used *pro se* boilerplate form seeking generic relief under the Second Chance Act of 2007, Pub. L. No. 110-199 (April 9, 2008). Consequently, no personal information regarding petitioner's particular situation is pleaded. Petitioner asks the Court to waive the exhaustion requirement and order the BOP

> to consider Petitioner on an individualized basis using the five factors set forth in 18 U.S.C. 3621(b) plus take into account the language in 18 U.S.C. 3624(c)(6)(C) granting her maximum amount of time in the [residential re-entry center] to provide the "greatest likelihood of successful reintegration into the community." 3624(c)(6)(C).

(Docket Entry No. 1, p. 18.) No claim is made that the BOP has failed or refused to take these actions of its own accord.

### *Exhaustion*

A prisoner seeking section 2241 habeas relief must exhaust all administrative remedies that might provide appropriate relief. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The BOP has established a three-tiered procedure governing formal review of inmate complaints relating to any aspect of imprisonment. 28 C.F.R. §§ 542 .10, *et seq*. A prisoner must pursue these procedures prior to seeking relief in district court. *Rourke*, 11 F.3d at 49. These procedures, in turn, generally require the prisoner first to attempt informal resolution through a complaint to BOP staff; if not satisfied with the result, the prisoner must file a formal written complaint with the warden, then pursue an administrative appeal to the appropriate BOP Regional Director. The final appeal is to the BOP Office of General Counsel. 28 C.F.R. §§ 542.13–.15.

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (internal citations omitted). Exceptions may be made to the exhaustion requirement only in extraordinary circumstances, which the petitioner bears the burden to establish. *Id*.

It is clear that petitioner in this case did not exhaust these administrative remedies prior to filing this lawsuit, as she asks this Court (via her preprinted form) to excuse exhaustion because it would be "futile." In support, she states that the BOP director, Harley Lappin, "has taken a strong position on the issue [of allowing prisoners more than six months in a residential reentry center] and has thus far been unwilling to reconsider." (Docket Entry No. 1, p. 11.) Petitioner cites no facts to support this statement, and the cases cited in support predate, and are unrelated to, the Second Chance Act or are not Fifth Circuit precedent, *e.g.*, *McKart v. United States*, 395 U.S. 185 (1969) (discussing the exhaustion requirement in context of Selective Service classification appeals); *Aron v. LaManna*, 4 F. App'x 232 (6th Cir. 2001) (requiring exhaustion of administrative remedies prior to prisoner pursuing section 2241 relief to recover good time credits); *Gutierrez v. United States*, No. 03–CV–1232(FB), 2003 WL 21521759 (E.D.N.Y. July 3, 2003) (requiring prisoner to exhaust administrative remedies). Her boilerplate recitation of cases from numerous jurisdictions across various time lines, and her reference to public comments made by Lappin in 2008 regarding the then-

newly enacted Second Chance Act, have no relationship to her particular situation, and are unpersuasive.

Moreover, petitioner's allegation that exhaustion would take an unreasonably long time is factually unsupported and speculative, and presents no allegations relevant to her particular situation. As noted earlier, public on-line information from the BOP indicates petitioner's projected release date as April 15, 2018. Ample time remains for petitioner to exhaust her administrative remedies, and she fails to establish anything to the contrary. Petitioner gives no indication that she has even attempted to begin the administrative remedy process, and she presents nothing, other than speculation, to support her argument that she should be excused from exhausting those remedies. Nor does she provide any factual basis for demonstrating the type of extraordinary circumstances needed to justify failure to exhaust, and dismissal is warranted for her admitted failure to exhaust. The Court finds instructive the Fifth Circuit Court of Appeals' unpublished opinion in *Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of federal prisoner's section 2241 petition arguing violation of the Second Chance Act for failure to exhaust administrative remedies).

***Merits***

Even had petitioner exhausted her administrative remedies prior to bringing this lawsuit, habeas relief would remain unwarranted. The Second Chance Act amended 18 U.S.C. § 3624(c) to increase possible placement in residential reentry centers to a period of

no more than twelve months prior to a prisoner's projected release date. The amendment also requires the BOP to assess prisoners for placement on an individual basis consistent with the five factors set forth in 18 U.S.C. § 3621(b). The duration of residential reentry placement is a matter entirely within the BOP's discretionary authority, and nothing in the Second Chance Act or § 3621(b) entitles a federal prisoner to guaranteed placement in a residential reentry center. Petitioner makes no claim that the BOP has failed or refused to evaluate her for placement in a residential re-entry center, or that the BOP performed an improper assessment in her case. The petition raises no cognizable federal habeas claim.

## *Conclusion*

This section 2241 habeas petition is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on April 27, 2016.

_____
Gray H. Miller
United States District Judge